**Aurelio FLORES BOTELLO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General,\* Respondent.**

No. 03–70535.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.\*\*

Decided May 20, 2004.

Aurelio Flores Botello, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

---

\* The docket shall be amended to reflect that John Ashcroft, Attorney General is the respondent.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM ***

Aurelio Flores Botello, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his application for suspension of deportation and voluntary departure. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence factual findings, *Kalaw*, 133 F.3d at 1151, and de novo due process contentions, *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002). We deny the petition for review.

Botello contends that he established extreme hardship and is therefore eligible for suspension of deportation. This contention lacks merit because the IJ determined that Botello's criminal history barred him from establishing good moral character, and did not consider extreme hardship. *See Hernandez–Robledo v. INS*, 777 F.2d 536, 542 (9th Cir.1985) (where an applicant for suspension of deportation has not established the required good moral character, there is no need to examine extreme hardship).

Because Botello offers no argument in support of his assertion that he is a person of good moral character, we do not consider the issue. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996).

Botello's contention that the BIA's decision "without opinion" violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Botello's contention that the Nicaraguan Adjustment and Central American Relief Act of 1997 violates equal protection is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002).

## PETITION FOR REVIEW DENIED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

